ALEXANDER B. CVITAN (SBN 81746),
Email: alc@rac-law.com, and
ZANE PRECIADO (SBN 332853)
Email: zanep@rac-law.com
REICH, ADELL & CVITAN
A Professional Law Corporation
330 N. Brand Blvd., Suite 250, Glendale, CA 91203
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for
Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CERCO, INC., also known as and doing business as CERCO ENGINEERING, a California corporation; CESAR EUGENIO RIFFO, an individual;<br><br><br><br>Defendant. | CASE NO.: 2:20-cv-08242 JAK(AFMx)<br><br>**APPLICATION FOR ORDER CORRECTING CLERICAL ERROR IN AMENDED JUDGMENT NUNC PRO TUNC PURSUANT TO STIPULATION AND FOR ENTRY OF A SECONDED AMENDED JUDGMENT NUNC PRO TUNC; DECLARATION OF ZANE T. PRECIADO IN SUPPORT OF APPLICATION; POINTS AND AUTHORITIES**<br><br>[HON. JOHN A. KRONSTADT] |

Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company hereby submits its Application for an Order Correcting the Amended Judgment Nunc Pro Tunc Pursuant to Stipulation Against Cerco, Inc. and Cesar Riffo entered on August 30, 2024 [docket no. 82] ("Amended Judgment") and for entry of a Second Amended Judgment Nunc Pro Tunc to correct an error in the time period of Plaintiff's claim.

This Application is made and based upon a clerical error discovered in the

560761.3

claim period of Plaintiff's damages set forth in the Amended Judgment and to remove the updated interest calculated through August 15, 2024 as stated in the Amended Judgment since the Amended Judgment relates back to the original date Judgment was entered.

This Application therefore seeks a Court order correcting (1) the claim period of the Amended Judgment; (2) to remove the updated interest, and (3) for issuance of a Second Amended Judgment Nunc Pro Tunc.

This Application is made and based upon the accompanying Declaration of Zane T. Preciado, Memorandum of Points and Authorities, the Judgment Pursuant to Stipulation entered on February 16, 2022 [docket no. 65]; the Application for Entry of an Amended Judgment Nunc Pro Tunc and supporting Declaration filed on August 28, 2024 [docket no. 76]; the Stipulation for Entry of Amended Judgment Nunc Pro Tunc, filed and lodged on August 28, 2024 [docket nos. 76-3, 78-1]; the Amended Judgment Nunc Pro Tunc entered on August 30, 2024 [docket no. 82] and on the records and documents in this action.

Respectfully Submitted,

ALEXANDER B. CVITAN, and
ZANE T. PRECIADO
REICH, ADELL & CVITAN
A Professional Law Corporation

DATED: November 25, 2024

By: ___/s/ Zane T. Preciado_____
ZANE T. PRECIADO
Attorneys for Plaintiff

560761.3

## DECLARATION OF ZANE T. PRECIADO

I, Zane T. Preciado, declare:

1.      [Identity]  I am an associate with the law offices of Reich, Adell & Cvitan, attorneys for Plaintiffs, and I am duly licensed to practice law in the State of California as well as before the United States District Court for the Central District of California.

2.      The facts stated herein are within my personal knowledge, and if called upon to testify, I can truthfully and competently do so as to all matters herein contained.

3.      [Judgment/Dismissal]  A Judgment was entered against Defendant, CERCO, INC., also known as and doing business as CERCO ENGINEERING, a California corporation ("CERCO, INC."); on February 16, 2022, [docket no. 65] and Defendant CESAR RIFFO ("RIFFO") was dismissed from the lawsuit pending completion of settlement terms with the Court to retain jurisdiction of the lawsuit, via the Order re Stipulation for Judgment Against Defendant Cerco, Inc.; Dismissal As To Defendant, Cesar E. Riffo; And For The Court's Retention of Jurisdiction Over This Action ("Judgment Order") [docket no. 64].  CERCO and RIFFO also entered into a Stipulation For Entry of Amended the Judgment Nunc Pro Tunc ("Stip Judgment") to be filed with the Court if the payment arrangement with Plaintiff was breached, which was filed with the Court on August 28, 2024 [docket no. 76-3], and lodged with the Court on August 28, 2024 [docket no. 78-1].  Following the breach in the payment plan, Plaintiff, on August 28, 2024, filed an Application to Reopen the Lawsuit to enter the Stip Judgment and to have an Amended Judgment Nunc Pro Tunc entered against CERCO and RIFFO ("Application") [docket no.76].

4.      [Stip Judgment]  The Stip Judgment at paragraphs 4, pages 2-3, provided for an Amended Judgment Nunc Pro Tunc to be entered if CERCO and/or RIFFO

failed to comply with a payment arrangement on Plaintiff's claims covering the period from January 1, 2017 to April 30, 2021 ("Claim Period"). A copy of the Stip Judgment filed with the Court on August 28, 2024 [docket no. 76-3] and attached to the Application as Exhibit "3", and lodged with the Court on August 28, 2024 [docket no. 78-1] is attached as Exhibit "1".

5.     [Amended Judgment Nunc Pro Tunc]  The Court approved the Application and entered an Amended Judgment Nunc Pro Tunc Pursuant To Stipulation Against Cerco, Inc. and Cesar Eugenio Riffo ("Amended Judgment") against CERCO and RIFFO on August 30, 2024 [docket no. 82]. A copy of the Amended Judgment is attached as Exhibit "2".

6.     [Claim Period of Amended Judgment] The Amended Judgment lists the period of Plaintiff's claim of Plaintiff's damages as January 1, 2017 to August 15, 2024. [docket no. 82]. The August 15, 2024 date is the date that Plaintiff recalculated post judgment interest on the damage claim which appears to have caused the claim period to be set through August 15, 2024. Plaintiff therefore seeks to remove the additional claim interest since the claim period of their damages is through April 30, 2021 only as set forth in the Stip Judgment (Exhibit "1", ¶4, p. 3, lines 13-14).

8.     [Second Amended Judgment Nunc Pro Tunc]  Plaintiff therefore seeks an Order correcting the Claim Period  of the Amended Judgment to January 1, 2017, to April 30, 2021, and for entry of a Second Amended Judgment Nunc Pro Tunc as follows:

A Second Amended Judgment Nunc Pro Tunc shall be entered against Defendant CERCO, INC., a California corporation, also known as and doing business as CERCO ENGINEERING, ("CERCO") and CESAR EUGENIIO RIFFO ("RIFFO") pursuant to Stipulation in favor of Plaintiff,  CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, the administrator, agent for

collection and a fiduciary to the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Fund For Construction Industry Advancement, Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern California, Laborers' Trusts Administrative Trust Fund For Southern California, Southern California Partnership For Jobs Trust Fund (hereinafter collectively "TRUST FUNDS") for unpaid fringe benefit contributions, liquidated damages, audit fees and interest covering the period from January 1, 2017 to April 30, 2021, only. The Judgment against CERCO is entered in favor of the TRUST FUNDS for the principal sum of $76,105.68 and of that amount RIFFO, shall be individually, jointly and severally liable with CERCO for the principal sum of $41,431.41.

9.      [Notice of Application for Second Amended Judgment Nunc Pro Tunc] On November 22, 2024, a letter was sent to CERCO, its counsel and RIFFO by way of e-mail and U.S. Mail informing them of the error in the Claim Period listed in the Amended Judgment and that this Application for an order to correct the time period of the Amended Judgment and for Entry of a Second Amended Judgment Nunc Pro Tunc would be filed on November 25, 2024 before the Honorable John A. Kronstadt, and I requested that they inform me as to whether any opposition to the Application would be made.

10.      [No Notice of Opposition] I have not heard from CERCO, its counsel or RIFFO that any opposition to this Application will be filed.

11.      IT IS THEREFORE respectfully requested that the Court grant this Application and enter a Second Amended Judgment Nunc Pro Tunc to correct the

/ /

Claim Period of the Amended Judgment Nunc Pro Tunc.

      Executed this 25th day of November 2024 at Glendale, California.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                        /s/ Zane T. Preciado

                       ZANE T. PRECIADO

560761.3

POINTS AND AUTHORITIES

Plaintiff submits the following Points and Authorities in support of their Application:

I.     CLERICAL MISTAKES IN JUDGMENTS MAY BE CORRECTED BY THE COURT.

Federal Rules of Civil Procedure, Rule 60(a).

II.    THE COURT HAS THE INHERENT POWER TO ENTER A JUDGMENT NUNC PRO TUNC ORDER SO THAT THE JUDGMENT WILL BE CORRECTLY ENTERED AND HELD EFFECTIVE AS OF THE DATE THE ORIGINAL JUDGMENT WAS ENTERED.

Federal Rules of Civil Procedure, Rule 60.

As shown by the Declaration of Zane T. Preciado in support of this Application, the Amended Judgment Nunc Pro Tunc entered by the Court on August 30, 2024 [docket no. 82] ("Amended Judgment") an error has been made with regard to the claim period of Plaintiff's damages.  The time period of Plaintiff's damages as set forth in the Amended Judgment is January 1, 2017 to August 15, 2024, caused by the additional interest claimed by Plaintiff through August 15, 2024 [*see,* Declaration of Zane T. Preciado ("Preciado Decl.") at ¶ 6.].

The actual time period of Plaintiff's damage claim is from January 1, 2017 to April 30, 2021 as set forth in the Stipulation for Entry of an Amended Judgment Nunc Pro Tunc (Exhibit "1", ¶ 4, p. 3, lines 13-14 (docket no. 76-3), [*see,* Preciado Decl. at ¶ 6, *see also,* Exhibit "2" Amended Judgment].

Plaintiff therefore seeks to correct the claim period of Plaintiff's damages to January 1, 2017 to April 30, 2021, and to remove the additional accrued interest on the principal amount of the Judgment, listed on the Amended Judgment so that the judgment will accurately reflect the time period of Plaintiff's damages and amount due as of the date Judgment was originally entered February 16, 2022, (docket no. 65) less payments credited.

CONCLUSION

Good cause having been shown, Plaintiff respectfully requests that the Court grant Plaintiff's Application and issue its Order entering a Second Amended Judgment Nunc Pro Tunc.

Respectfully Submitted,

ALEXANDER B. CVITAN, and
ZANE PRECIADO
REICH, ADELL & CVITAN
A Professional Law Corporation

DATED: November 25, 2024

By:____/s/ Zane T. Precido_____
     ZANE T. PRECIADO
     Attorneys for Plaintiff

-8-

560761.3